IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY N. WITT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 0003 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gary Witt, brings this motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the prosecution of his Social Security appeal before this Court and for the instant motion. For the following reasons, the Court grants Witt's motion.[1]

### I. Introduction

Witt applied for Disability Insurance Benefits ("DIB") on November 6, 2001, alleging disability due to headaches, foot and leg pain, hernia, and chronic obstructive pulmonary disease. *See Witt v. Barnhart*, 446 F. Supp. 2d 886, 887-89 (N.D. Ill. 2006). The Social Security Administration ("SSA") denied Witt's request for DIB initially, upon reconsideration, and following a hearing by an Administrative Law Judge ("ALJ"). *Id.* at 887. The SSA Appeals

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1.

Council denied Witt's request for review. *Id.* at 888. Witt then appealed to this Court, alleging that the ALJ erred at Steps Three and Four of the five-step evaluation to determine disability, as outlined in 20 C.F.R. § 404.1520(a)(4). *Id.* at 893, 897. The Court refers to Witt's appeal to this Court as "Witt's appeal." The Court granted Witt's motion for summary judgment in part and denied it in part, denied the Commissioner's motion for summary judgment, and vacated and remanded the Commissioner's decision. *Id.* at 903. This application for fees pursuant to EAJA followed.

## II. Discussion

The EAJA states that the Court shall award fees where (1) the plaintiff is the "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee petition is submitted within thirty days of final judgment and is accompanied by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B).

In the instant case, Witt was the "prevailing party" by virtue of a sentence four remand.[2] *Witt*, 446 F. Supp. 2d at 887; *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Witt filed this motion with an itemization of fees and costs on November 24, 2006, within the thirty-day period that began to run after the expiration of the sixty-day appealable period. (Pl.'s Mot. at 5); *Kolman v. Shalala*, 39 F.3d 173, 175 (7th Cir. 1994). No special circumstances exist that would render an award unjust. Accordingly, the only issue before the Court regarding whether fees

---

[2] Sentence four of 42 U.S.C. § 405(g) provides, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

should be awarded under the EAJA is whether, consistent with the Commissioner's claims, the Commissioner's position was substantially justified.

A. **Justification for Government's Position**

In defending a motion for fees and costs pursuant to the EAJA, the government bears the burden of proving that it is "substantially justified" in the administrative and adjudicative stages of Social Security proceedings. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). A position is substantially justified where it is "justified in substance or in the main . . . to a degree that could satisfy a reasonable person," with a reasonable basis in both law and fact. *Pierce*, 487 U.S. at 565 (internal quotations omitted).

The Seventh Circuit has established a three-part standard for reviewing EAJA applications. This standard requires the government to show that its position was grounded in "1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). Where an ALJ's opinion contains legal and factual errors, the Commissioner's position generally "cannot be justified to a degree that could satisfy a reasonable person." *DeFrancesco ex rel. DeFrancesco v. Sullivan*, 803 F. Supp. 1332, 1337 (N.D. Ill. 1992). *See also Young v. Barnhart*, 134 Fed. Appx. 81, 84 (7th Cir. 2005) (stating that the Commissioner's position cannot be substantially justified where the position compounds an ALJ's legal errors by defending those positions in court).

Witt argues that the Commissioner lacked substantial justification for defending the ALJ's legally erroneous Step Three and Step Four analyses in concluding that Witt was not disabled under the Five Step process outlined by 20 C.F.R. § 404.1520(a)(4). (Pl.'s Mot. at 2-3.) In Witt's appeal, Witt argued—and this Court agreed—that the ALJ failed to apply the Commissioner's special technique to rate the degree of Witt's mental functional limitation as is required after determining that a claimant suffers from a mental impairment. (Pl.'s Mot. at 3); *Witt*, 446 F. Supp. 2d at 898. Additionally, the ALJ committed legal error when he failed to construct properly Witt's mental Residual Functioning Capacity ("RFC"). (Pl.'s Mot. at 3); *Witt*, 446 F. Supp. 2d at 899-00. The Court also found that the ALJ improperly determined that Witt's pain allegations were not credible because the ALJ did not consider objective evidence supporting Witt's allegations of hernia pain. *Witt*, 446 F. Supp. 2d at 900-02. Because these failures by the ALJ constitute legal error, Witt argues that they necessitate a finding that the Commissioner's position in defending the ALJ's opinion was not substantially justified. (Pl.'s Mot. at 3.)

The Commissioner argues that his position that the ALJ's opinion was adequate was substantially justified throughout the course of Witt's proceedings. Specifically, the Commissioner asserts that because this Court "agreed with the Commissioner on some of the arguments" raised in Witt's appeal of the ALJ's determination of no disability, "the Commissioner was not unreasonable in defending the ALJ's decision regarding the issues which the Court found in Mr. Witt's favor." (Def.'s Resp. at 3.) Further, the Commissioner argues that, although it acknowledged that the ALJ did not apply the required special technique, this Court agreed that properly-conducted special technique findings would not have changed the ALJ's Step Three determination. (Def.'s Resp. at 5.)

The Court holds that the Commissioner's position was not substantially justified. The Commissioner cannot show a "basis in law for the theory propounded." *Golembiewski*, 382 F.3d at 724. The Court found in Witt's appeal that the ALJ erred as a matter of law by failing to apply the Commissioner's special technique in determining his mental limitations and by failing to sufficiently develop a mental RFC. *Witt*, 446 F. Supp. 2d at 898-99. The ALJ's failure to apply the special technique indicates that the Commissioner's position lacked a reasonable basis in law, as required by *Golembiewski*.

The simple fact that the Court stated that the proper application of the special technique would not have changed the outcome of the Step Three analysis does not convince the Court that the Commissioner's position was substantially justified. As the Court noted in Witt's appeal, "the special technique findings are important to a complete assessment of Witt's mental capabilities and do affect his mental RFC." *Id.* at 898. The fact that the Court identified the special technique as "important" rather than "necessary" does not minimize the ALJ's obligation to perform the special technique. Rather, the Court's opinion highlights the pervasive utility of the special technique findings in the disability determination. Fundamentally, the ALJ ignored Social Security regulations requiring the application of the special technique for determining mental functional limitations. The Court remanded without regard to whether the Court believed that the outcome should have been different, but because the ALJ's opinion must include an articulation of the special technique. Because it did not, the ALJ's opinion was legally insufficient, and the Commissioner's position in arguing that the ALJ's opinion was sufficient lacked substantial justification.

The ALJ committed further legal error by ignoring regulations requiring the assessment of Witt's mental RFC. The Commissioner casts the ALJ's error as the simple failure to complete a form. (Def.'s Resp. at 7.) The Court does not believe that this error by the ALJ is so easily brushed aside. The Court stated that the ALJ's RFC finding was insufficient, which is highlighted by the fact that the ALJ did not complete SSA Form SSA-4734-F4-SUP (8-85); the Court did not say that the ALJ simply failed to perform the ministerial task of filling out a form. Moreover, the mental RFC that the ALJ gave left the vocational expert without a "significant description[] of Witt's mental abilities." *Witt*, 446 F. Supp. 2d at 899. Indeed, although the ALJ purported to rely on testifying doctors, the doctors' testimony was not made available to the vocational expert. As the Court stated, "The only information the [vocational expert] received regarding Witt's mental limitations was the ALJ's own conclusion that Witt was limited to a 'simple one, two-step job requiring only low degrees of concentration.'" *Id.* at 899. A reasonable person would easily recognize the deficiencies in the ALJ's analysis, which provided only a conclusory statement and no facts to the vocational expert; as such, the Commissioner's position "cannot be justified to a degree that could satisfy a reasonable person." *DeFrancesco*, 803 F. Supp. at 1337.

Even though the Court in Witt's appeal determined that the ALJ's finding that Witt was not entirely credible as to his pain testimony was improper, the Court believes that the Commissioner's position in supporting the ALJ's credibility assessment of Witt had some justification. In particular, evidence suggested that Witt's statements were not reliable. The Court stated that "[t]he ALJ was appropriately skeptical of Witt's complaints of back and wrist pain," and the Court noted Witt's testimony that suggested that Witt's pain in these areas "was not

- 6 -

a significant issue," and that over-the-counter medications gave much help. *Witt*, 446 F. Supp. 2d at 901. Nevertheless, the Court found that the ALJ improperly discounted Witt's complaints of hernia pain, because Witt gave some medical evidence to support his assertions of pain, and the ALJ failed to discount this evidence. Even in noting that some medical evidence existed to support Witt's hernia pain, the Court stated that the evidence was "'not clear cut' and may suggest an extremely painful medical condition." *Id.* at 902.

Despite recognizing that evidence supported the ALJ's conclusion, the ALJ failed to consider objective evidence supporting Witt's allegations of hernia pain. Essentially, although the ALJ gave facts to support his conclusion—and these facts lend a factual basis for the Commissioner's position in supporting the ALJ's decision—the ALJ's decision (and the Commissioner's position in supporting the ALJ's decision) did not have a basis in law because the ALJ did not give an adequate explanation of his credibility determination. Thus, the Court must find that the Commissioner's support of the ALJ's conclusion lacked substantial justification.

The Court addresses the Commissioner's argument that the Court should find that the Commissioner's position was justified (or should apportion EAJA fees) because the Court rejected some of Witt's arguments in Witt's appeal. The Court recognizes that the Commissioner raised several successful arguments in Witt's appeal, but the presence of these successful arguments does not add justification for the Commissioner's defense of the ALJ's legal errors and cannot make up for the Commissioner's positions that otherwise lack substantial justification. The Court notes that the Seventh Circuit has directed district courts to consider the substantial justification question in light of the decision as a whole. *See Marcus v. Barnhart*, 17 F.3d 1033,

1036 (7th Cir. 1994). *Marcus* does not allow the Court to dissect arguments in order to assess EAJA fees for parts of Witt's case in piecemeal fashion. Witt noted the perverse incentive that might result if an EAJA award were to be reduced proportionately to the claimant's unsuccessful arguments. If such a regime were to govern, the claimant would be motivated to pursue only arguments on which the claimant is sure to succeed. The claimant would be discouraged from propounding weaker arguments that nonetheless have some basis in law or fact.

The Court does not believe that this regime would serve the interest of justice. Instead, the Court considers whether the Commissioner's position lacked substantial justification at any point, which would support a finding that Witt is due EAJA fees. The Court believes that, because the ALJ failed to conduct his analysis as explicitly required by applicable law in the ALJ's insufficient special technique and mental RFC, the Commissioner's position in supporting the ALJ on these points lacked substantial justification. The Commissioner compounded the ALJ's legal errors by defending them. For these reasons, the Court finds that the Commissioner's position is not substantially justified.

### B. Reasonableness of Fees

The Court next turns to the issue of whether the fees that Witt seeks are reasonable. The Commissioner asserts that even if his position was not substantially justified, Witt has "failed to meet his burden of proving that the fees he seeks are reasonable," and that "a review of the petition shows the requested fees are excessive." (Def.'s Resp. at 11.) Specifically, the Commissioner argues that Witt's counsel inefficiently utilized resources by employing the services of two law clerks with "significantly less experience compared to [Witt's counsel]."

(Def.'s Resp. at 12.) The Commissioner further submits that the requested fee amount should be reduced because some of the arguments advanced by Witt proved unsuccessful. (Def.'s Resp. at 15.) Accordingly, the Commissioner argues, compensated attorney's fees should be reduced from sixty-four hours to forty hours. (Def.'s Resp. at 14.)

Witt seeks reimbursement for attorney's fees in the amount of $7,827.75, which is comprised of 13.40 attorney hours billed at $156.25[3] per hour in 2005, 2.40 attorney hours billed at $160.00 per hour in 2006, 47.90 paralegal and law clerk hours billed at $100.00 per hour, and an additional 4.00 law clerk hours billed at $100.00 per hour, as well as 1.00 attorney hour billed at $160.00 for preparing the EAJA reply brief. (Pl.'s Mot. at 5); (Pl.'s Reply at 19-20.)

The EAJA states that attorney's fees are to be determined according to the prevailing market rate, except that the fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court finds that the cost of living increases as calculated according to the Consumer Price Index justify a higher hourly rate for the attorney's fees.[4]

The Court finds the time spent by Witt's counsel and his counsel's staff in researching and writing throughout the entirety of the administrative and adjudicative proceedings was reasonable. Where a plaintiff's claims "involve a common core of facts or [are] based on related

---

[3] Plaintiff's Reply lists this 2005 rate at $157.50; the Court believes this figure is a typographical error, because Plaintiff's total assumes the rate of $156.25 per hour for attorney hours billed in 2005.

[4] The Court notes that these rates are substantially the same as rates calculated using the Consumer Price Index by other cases. *See, e.g., Porter v. Barnhart*, No. 04 C 6009, at *3 (N.D. Ill. June 19, 2006) ("This Court calculates the rates at $150 per hour for 2004; $155 for 2005; and $159 for 2006."). The $1.25 and $1.00 per hour discrepancies between this case and *Porter* are negligible.

legal theories" the Court "focus[es] on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Additionally, attorneys should be encouraged to be zealous advocates for their clients; accordingly, where an attorney asserts several alternative grounds for justifying relief, "the court's rejection of . . . certain grounds is not a sufficient reason for reducing a fee." *Id.* In Witt's case, there is no indication that his counsel spent an unreasonable amount of time in constructing arguments, despite the fact that some of his arguments ultimately proved unsuccessful.

Further, the use of law students in researching and writing legal briefs is reasonable and advantageous, and is often a cost effective use of legal resources. *Uskokovic v. Sullivan*, 772 F. Supp. 387, 394 (N.D. Ill. 1991). Witt's counsel utilized law clerks who were familiar with the case and had previous experience drafting similar briefs. (Pl.'s Reply at 18-19.) Simply because Witt's counsel was more experienced in such work does not render the law clerks' work an inefficient use of resources, particularly since the clerks' time is billed at a lower rate than that of Witt's counsel. Indeed, an argument exists that the use of law clerks is more reasonable in situations such as the present one. Moreover, the rate of $100.00 per hour for law clerks' work is appropriate. *See Embry v. Barnhart*, No. 02 C 3821, 2003 WL 22478769, at *3 (N.D. Ill. Oct. 31, 2003) (finding in 2003 that "it appears that an hourly rate of $95 for Plaintiff's law clerk and paralegal is appropriate. This rate takes into account the fact that the paralegal and law clerk who worked on this case are located in the comparatively-expensive market of Chicago, and compensates Plaintiff's attorney in a reasonable amount for his cost-efficient approach to staffing this case.").

In addition, the total combined time of Mr. Witt's counsel and counsel's staff, 63.7 hours total, is not extraordinary compared with the expended time found reasonable in other cases brought before the Northern District of Illinois. *See Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (65.75 hours in district court reasonable); *Rice v. Apfel*, 16 F. Supp.2d 971, 974-75 (N.D. Ill. 1998) (62.84 hours in district court reasonable). Although the Court does not base its conclusion on a superficial comparison of the total number of hours spent on this case, the fact that the number of hours Witt's counsel spent is nearly identical to the time spent in similar cases lends further support to the Court's conclusion that the fees Witt seeks are reasonable. In short, the Court does not believe that the time Witt's counsel and his employees spent on the various tasks in this case was inordinate.

### III. Conclusion

For the foregoing reasons, the Court grants Witt's motion for an award of fees pursuant to the EAJA in the amount of $7,827.75. This amount is to be paid by the Government directly to Witt's attorney, Frederick J. Daley, Jr.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: August 16, 2007.

Copies have been mailed to:

| | |
|---|---|
| FREDERICK J. DALEY, JR., Esq.<br>Daley, DeBofsky & Bryant<br>55 West Monroe Street<br>Suite 2440<br>Chicago, IL  60603 | MR. SAMUEL D. BROOKS<br>Assistant United States Attorney<br>219 South Dearborn Street<br>5th Floor<br>Chicago, IL  60604<br><br>MS. SARA E. ZEMAN<br>Assistant Regional Counsel<br>Social Security Administration<br>200 West Adams Street<br>Suite 3000<br>Chicago, IL  60606 |
| Attorney for Plaintiff | Attorneys for Defendant |