IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GARY N. WITT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05 C 0003 |
| | ) |
| **MICHAEL J. ASTRUE,** | ) Magistrate Judge Martin C. Ashman |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Frederick J. Daley, Jr. ("Petitioner"), one of the attorneys for Plaintiff, Gary N. Witt ("Plaintiff"), brings this motion for an attorney's fee pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("§ 406(b)"). Defendant, Michael J. Astrue, the Commissioner of the Social Security Administration (the "Commissioner"), opposes the motion. The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c) and Local Rule 73.1. For the reasons stated below, the Court grants Petitioner's motion.

### I. Background

Plaintiff applied for Disability Insurance Benefits ("DIB") on November 6, 2001, alleging disability due to headaches, foot and leg pain, a hernia, and chronic obstructive pulmonary disease. *See Witt v. Barnhart*, 446 F. Supp. 2d 886, 887-89 (N.D. Ill. 2006). The Social Security Administration (the "SSA") denied Plaintiff's initial request for DIB as well as his motion for reconsideration. *Id.* at 887. An Administrative Law Judge ("ALJ") held a hearing on June 3,

2003, but later denied DIB to Plaintiff. *Id.* After the SSA Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. *Id.* at 887-88.

On January 3, 2005, Plaintiff appealed the ALJ's decision to this Court, alleging that the ALJ erred at steps three and four of the five-step disability determination outlined by 20 C.F.R. § 404.1520(a)(4)(i)-(v). *Id.* at 893. The Court granted in part and denied in part Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and vacated and remanded the Commissioner's decision. *Id.* at 903. On remand, the ALJ issued a favorable decision to Plaintiff and awarded cash benefits in the amount of $877.00 per month and a one-time payment of past-due benefits in the total amount of $49,510.00. (Pet'r's Mot. ¶ 2; Pet'r's Mot., Ex. A at 1-3; Def.'s Resp. 1-2; Def's Resp., Ex. 1.) This one-time payment consisted of $34,641.00 in past-due DIB and $14,869.00 in past-due Social Security Income ("SSI") benefits.[1] (*Id.*)

Petitioner represented Plaintiff in both the administrative proceedings before the SSA and the judicial proceeding before the Court. (Pet'r's Mot., Ex. A at 3; Pet'r's Mot., Ex. D at 1-2.) Pursuant to a fee agreement between Plaintiff and Petitioner, the SSA withheld $5,300.00 of Plaintiff's past-due benefits for payment of Petitioner's fee for representation on the administrative level. (Pet'r's Mot., Ex. A at 3; Def.'s Resp. 1.) Additionally, Petitioner received a fee of $7,827.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for his work

---

[1] In his brief, Petitioner asserted that Plaintiff received $14,099.00 in past-due SSI benefits. (Pet'r's Mot. ¶ 2.) But the Notice of Award from the SSA to Plaintiff indicated that the past-due SSI benefits amount was $14,869.00. (Def.'s Resp., Ex. 1 at 1.) Based on the Notice of Award, the Court concludes that the correct amount of Plaintiff's past-due SSI benefits is $14,869.00. (*Id.*)

before the Court. (Order Granting EAJA Fees, Aug. 16, 2007.) In granting Plaintiff's motion for an attorney's fee under the EAJA, the Court ordered the Government to pay the EAJA fee directly to Petitioner. (*Id.*) Petitioner now seeks an attorney's fee of $12,377.50 under § 406(b) for representation of Plaintiff before the Court.[2]

## II. Discussion

Section 406 governs awards of attorneys' fees for representation of social security claimants, both administratively and before the Court. 42 U.S.C. § 406; *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Section 406(a) governs the awards of attorneys' fees for work on the administrative level, 42 U.S.C. § 406(a), while § 406(b) gives the Court authority to award fees to attorneys representing claimants in judicial proceedings. 42 U.S.C. § 406(b).

A prior fee award under the EAJA, 28 U.S.C. § 2412(d), does not preclude the Court from subsequently awarding a fee under § 406(b) for the attorney's work in the same judicial proceedings. *Gisbrecht*, 535 U.S. at 796. But "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id.* (citing Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). In this case, the Court awarded the EAJA fee of $7,827.75 payable directly to Petitioner. (Order Granting EAJA Fees.) Thus, if the Court grants the instant motion, Petitioner would have to refund to Plaintiff the smaller of the EAJA or § 406(b) awards.

---

[2] Petitioner originally requested a fee of $12,185.00 and asserted that the fee amounted to twenty-five percent of Plaintiff's past-due benefits. (Pet'r's Mot. ¶ 2.) But when calculating the total amount of past-due benefits, Petitioner added the past-due DIB in the amount of $34,641.00 to the past-due SSI benefits in the incorrect amount of $14,099.00, rather than the correct amount of $14,869.00. (*Id.*) Therefore, the correct total amount of Plaintiff's past-due benefits is $49,510.00, not $48,740.00 as Petitioner initially asserted. (*Id.*) Consequently, twenty-five percent of the correct past-due benefits is $12,377.50, not $12,185.00 (*Compare* Pet'r's Mot. ¶ 2 *with* Pet'r's' Reply 3.)

As a preliminary matter, the Court concludes that Petitioner filed a timely motion for a fee under § 406(b). A fee request under § 406(b) is timely if an attorney files it within a reasonable time after learning his client had been awarded social security benefits. *See, e.g., McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006); *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). Courts have held as reasonable a period of more than two months between the time when an attorney learned of his client's benefits award and the time when such attorney filed a motion for a fee under § 406(b). *McGraw*, 450 F.3d at 496, 505; *Smith*, 815 F.2d at 1153, 1156. In this case, the Commissioner issued the final Notice of Award to Plaintiff on July 19, 2008. (Pet'r's Mot., Ex. A at 1.) Because Petitioner filed his motion for a fee under § 406(b) on August 20, 2008, approximately one month after the issuance of the final Notice of Award, Petitioner's motion was timely. (Pet'r's Mot. 1, 5.) Thus, the Court turns to this issue of whether a fee award under § 406(b) is proper.

Section 406(b) provides that the Court may award a fee to an attorney who represented a social security claimant before the court if (1) the Court "renders a judgment favorable to a claimant"; (2) the fee is reasonable; and (3) the fee is "not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of [the] judgment." 42 U.S.C. § 406(b). The Court "renders a judgment favorable to a claimant" if it remands the claimant's case to the Commissioner for further proceedings. *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1097-98 (N.D. Ill. 2005). In this case, the Court vacated and remanded the Commissioner's decision for further proceedings. *Witt*, 446 F. Supp. 2d at 903. Thus, the Court "render[ed] a judgment favorable" to Plaintiff within the meaning of § 406(b). Accordingly, the only issues before the Court regarding Petitioner's request for a fee award under § 406(b) are (A)

whether the fee is reasonable, and (B) whether the fee is "not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). The Court addresses each issue in turn.

### A. Reasonableness of Fee Award

In a case where an attorney requests a fee under § 406(b) on the basis of a contingent-fee agreement with a social security benefits claimant, the Court uses the agreement as a starting point to determine the reasonableness of the attorney's fee. *Gisbrecht*, 535 U.S. at 807 (holding that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court"). But before enforcing a contingent-fee agreement, the Court must "review . . . such arrangement[] to assure that [it] yield[s] reasonable results in [a] particular case[]." *Id.* As part of its review, the Court examines the maximum fee that the agreement allows an attorney to charge for successful representation of a benefits claimant before the Court. *Id.* If the agreement provides that an attorney may charge a fee of more than twenty-five percent of the client's past-due benefits, the Court concludes that the contingent-fee agreement is unenforceable. *Id.* If, however, the maximum fee does not exceed twenty-five percent of past-due benefits, the Court considers whether an attorney petitioning for a fee under § 406(b) has shown that such fee is "reasonable for the services rendered." *Id.*

In the instant case, Petitioner represented Plaintiff pursuant to a contingent-fee agreement that authorized Petitioner to "receive what amount[ed] to [twenty-five percent] of the past due benefits" for representing Plaintiff in Court. (Pet'r's Mot., Ex. D at 1.) Because the fee provision did not allow Petitioner to receive more than twenty-five percent of claimant's past-due benefits

for Petitioner's work in judicial proceedings, the agreement is not unenforceable. *Gisbrecht*, 535 U.S. at 807. Accordingly, the Court considers whether the fee that Petitioner requested under § 406(b) is "reasonable for the services rendered." *Id.*

The Court may consider the following factors to determine the reasonableness of a fee award under § 406(b): (1) the attorney's time and labor reasonably necessary in light of the difficulty of the case; (2) the attorney's skill and experience; (3) whether the fee is fixed or contingent; (4) the risk of loss; (5) the amount involved and the results obtained; and (6) the awards in similar cases. *McGuire v. Sullivan*, 873 F.2d 974, 976, 979-80, 983, 985 (7th Cir. 1989) (citing *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir.1982)). The Court may reduce a fee award under § 406(b) if an "attorney is responsible for delay," or "the benefits [constitute a windfall because they] are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen,* 865 F.2d 739, 747 (6th Cir. 1989)).

In this case, Petitioner requested a fee of $12,377.50, which represents the full twenty-five percent of Plaintiff's past-due benefits. (Pet'r's Reply 3.) Petitioner asserts that the requested fee is reasonable. (Pet'r's Mot. ¶¶ 2-6.) The Court now considers whether the fee that Petitioner requested under § 406(b) is "reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Petitioner spent a substantial amount of time on Plaintiff's case: in obtaining the remand for Plaintiff, Petitioner logged 12.8 hours work, and his two law clerks logged 47.9 hours work. (Pet'r's Mot., Ex. C at 12.) Courts do not differentiate between the attorney's and the non-attorney's work on the case unless an award of an attorney's fee under § 406(b) would compensate the non-attorney at an unreasonably high rate. *Compare Hussar-Nelson v. Barnhart*,

No. 99-0987, 2002 WL 31664488, at *2-3 (N.D. Ill. Nov. 22, 2002) (not differentiating between 48.8 hours of attorney's time and 5.1 hours of law clerk's time on the case where an award of $19,425.25 compensated the law clerk at an hourly rate of $266.62) *with Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (adjusting downward a fee that would have compensated a paralegal at an hourly rate of $404.96 to a $238.63 hourly rate); *Roark v. Barnhart*, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (holding that an award for the paralegal's work at an hourly rate of $338.29 was not reasonable). If the Court grants Petitioner's motion for an attorney's fee of $12,377.50, such award would compensate Petitioner's law clerks at a rate of $203.91 per hour for their work on Plaintiff's case.[3] Because such rate is not unreasonable, the Court does not differentiate between the Petitioner's and his two law clerks' time on the case.

The Court also concludes that spending a total of 60.7 hours on Plaintiff's case was reasonable in light of the difficulty of the case. (Pet'r's Mot., Ex. C at 1-2.) Where a plaintiff's claims "involve a common core of facts or [are] . . . based on related legal theories," the Court "focus[es] on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Additionally, attorneys should be encouraged to be zealous advocates for their clients; accordingly, where an attorney asserts several alternative grounds for justifying relief, "the court's

---

[3] Petitioner's law clerks spent 47.9 hours, or approximately seventy-nine percent of the total 60.7 hours logged, on Plaintiff's case. (Pet'r's Mot., Ex. C at 1-2; *Ellick*, 445 F. Supp. 2d at 1172-1173 (calculating the fee for law clerks' work).) Therefore, the law clerks' time would account for approximately seventy-nine percent of an attorney fee's award under § 406(b), which equals $9,767.41 (*Id.*) Thus, if the Court grants Petitioner's motion for an attorney fee under § 406(b), the law clerks' billing rate would be $203.91 per hour. (Pet'r's Mot., Ex. C at 1, 2; Pet'r's Reply 3; *see Ellick*, 445 F. Supp. 2d at 1172-1173 (calculating the fee for law clerks' work).)

rejection of . . . certain grounds is not a sufficient reason for reducing a fee." *Id.* In this case, there is no indication that Petitioner spent an unreasonable amount of time constructing arguments despite the fact that some of his arguments ultimately proved unsuccessful.

The Court also acknowledges that Petitioner is a skilled attorney. The submissions to the Court indicate that Petitioner has numerous years of experience and significant knowledge in the area of social security disability law. (Pet'r's Mot., Ex. B at 1-2.)

The contingent and risky nature of Petitioner's representation further supports a fee award of twenty-five percent of Plaintiff's past-due benefits. *See McGuire*, 873 F.2d at 985 (stating that "[a] finding of riskiness is an essential [factor] in granting a full twenty-five percent contingent fee award in a social security case"). As Petitioner correctly notes, "[a]ttorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate." (Pet'r's Mot. ¶ 6 (quoting *Hensley*, 461 U.S. at 448).) But "[t]he difference . . . reflects the time-value of money and the risk of nonrecovery usually borne by clients in cases where lawyers are paid an hourly rate." (*Id.* (quoting *Hensley*, 461 U.S. at 448-49).) Thus, the Court finds that a fee of twenty-five percent of Plaintiff's past-due benefits properly reflects a substantial risk of loss that Petitioner undertook in representing Plaintiff on a contingent basis.

The Court also concludes that Petitioner obtained "excellent results" for Plaintiff. *Hensley*, 461 U.S. at 435. As a result of Petitioner's effective and efficient work before the Court, Plaintiff obtained a remand of the ALJ's decision, prevailed upon remand before the ALJ,

and ultimately received $34,641.00 in past-due DIB as well as a cash benefit of $877.00 per month until the age of retirement. (Pet'r's Mot. ¶ 9.)

The fee award of $12,377.50 that Petitioner requested under § 406(b) is consistent with fee awards to attorneys who, similar to Petitioner, in social security benefits cases obtained remands of the ALJs' decisions for their clients, and, upon remand, the ALJs ruled in claimants' favor. *See, e.g., Everroad v. Astrue*, No. 06-100, 2009 WL 363546, at *1, *4 (S.D. Ind. Feb. 11, 2009) (awarding a fee of $30,402.10); *Hodges-Williams*, 400 F. Supp. 2d at 1095, 1100 (awarding a fee of $9,275.00); *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 664-65, 669 (N.D. Ill. 2004) (awarding a fee of $21,151.00); *Hussar-Nelson*, 2002 WL 31664488, at *1, *4 (awarding a fee of $19,425.25).

Finally, there are no grounds warranting a reduction of Petitioner's fee award under § 406(b). Petitioner was not responsible for any delays, and an award of $12,377.50 is not "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. For the above reasons, the Court concludes that Petitioner has requested a reasonable fee under § 406(b).

### B. Fee is Not in Excess of Twenty-Five Percent of Past-Due Benefits

The Court next considers whether the fee that Petitioner requested under § 406(b) is in excess of twenty-five percent of past-due benefits. Section 406(b) states that "[w]henever . . . a claimant . . . was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable *fee for such representation, not* in excess of [twenty-five] percent of the total of the [claimant's] past-due benefits." 42 U.S.C. § 406(b). The Commissioner argues that § 406(b) limits the combination of fee awards under § 406(a) and

§ 406(b). (Def.'s Resp. at 1 (citing *Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 498 (4th Cir. 1982); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)).) In this case, the SSA has authorized $5,300.00 as payment to Petitioner for his work on the administrative level. (Pet'r's Mot. Ex. A at 3; Def.'s Resp. at 1.) Thus, the Commissioner submits that a fee award of an additional twenty-five percent of past-due benefits would violate § 406(b). (Def.'s Resp. 1.) Petitioner disagrees, arguing that § 406(b) limits awards of attorney fees only under § 406(b) for work before the Court. (Pet'r's Reply 1-2 (citing *Clark v. Astrue*, 529 F.3d 1211, 1215-18 (9th Cir. 2008)).) Under this interpretation of § 406(b), Petitioner reasons that a fee award pursuant to his motion would not exceed twenty-five percent of past-due benefits because he has requested a fee equal to twenty-five percent of Plaintiff's past-due benefits. (*Id.*)

The Seventh Circuit has not considered whether § 406(b) limits the awards of attorney fees only under § 406(b) for representation before the Court, or whether it applies to the aggregate amount of the fee awards under § 406(a) and § 406(b). The federal circuit courts that have considered this issue have reached different results. *E.g., compare Clark*, 529 F.3d at 1218 (holding that "the plain text of 42 U.S.C. § 406(b) limits only the amount of attorney[s'] fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to [twenty-five percent] of the claimant's past-due benefits"), *with Dawson*, 425 F.2d at 1195 (holding that § 406(b) "precludes the aggregate allowance of attorney[s'] fees greater than twenty-five percent of the past due benefits received by the claimant"). The Ninth, Tenth and Sixth Circuits have interpreted § 406(b) as limiting the fee awards under only § 406(b). *Clark*, 529 F.3d at 1218; *Wrenn ex. rel. Wrenn v. Astrue*, 525 F.3d 931, 938 (10th Cir. 2008); *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262-63 (6th Cir. 1994). The Fourth and the Fifth Circuits,

however, have interpreted § 406(b) as limiting the combination of the fee awards under § 406(a) and § 406(b). (Def.'s Resp. 1 (citing *Morris*, 689 F.2d at 498; *Dawson*, 425 F.2d at 1195).)

Because the task of the court, when interpreting a statute, "is to construe what Congress has enacted," its analysis begins with the language of the statute. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). If the "language of a statute is clear and unambiguous, there is no occasion to look at its legislative history." *City of Rome v. U.S.*, 446 U.S. 156, 199 (1980). But "when the statute is 'silent or ambiguous[,]' [the court] must defer to a reasonable construction by the agency charged with its implementation." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (quoting *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)).

1. <u>Statutory Language of § 406(b)</u>

The Court begins interpreting § 406(b) by looking to the language of the statute. *Duncan*, 533 U.S. at 172. Under § 406(b), "[w]henever . . . a claimant . . . was represented *before the court* by an attorney, *the court* may determine and allow as part of its judgment a reasonable fee for *such representation*, not in excess of [twenty-five] percent of the total of the [claimant's] past-due benefits." 42 U.S.C. § 406(b) (emphasis added).

The language of § 406(b) limits the Court's authority to award fees for an attorney's work in social security benefits cases. 42 U.S.C. § 406(b). More specifically, § 406(b) grants the Court exclusive jurisdiction in awarding a fee for an attorney's work in judicial proceedings. *Clark*, 529 F.3d at 1215. The statute, however, does not permit the Court to award a fee for an attorney's representation of a claimant on the administrative level. *Gisbrecht*, 535 U.S. at 794; *Clark*, 529 F.3d at 1215. In *Clark*, the Ninth Circuit correctly reasoned that, because "§ 406(b) grants the district court authority to award attorney[s'] fees only for representation before the

court, not before the Administration, § 406(b) imposes a statutory limit on the award of attorney[s'] fees only for representation before the court, not before the Administration." *Id.* (citation omitted). Additionally, "[n]owhere does § 406(b) purport to impose a limit on the combined attorney[s'] fees awarded under both § 406(a) and § 406(b)." *Id.* Therefore, the Court concludes that the language of § 406(b) is clear and unambiguous in limiting the award of attorney fees only under § 406(b) for representation before the Court, not the aggregate amount of fees for representation of a claimant in administrative and judicial proceedings under § 406(a) and § 406(b).

2. Legislative History of § 406(b)

Although the language of § 406(b) is clear and unambiguous, the Court examines the legislative history of the statute to resolve "any lingering doubt as to its proper construction." *U.S. v. Clark*, 454 U.S. 555, 561-62 (1982). "In the absence of a conflict between reasonably plain meaning and legislative history, the words of the statute must prevail." *Aaron v. Secs. & Exch. Comm'n*, 446 U.S. 680, 700 (1980).

Congress added § 406(b) to the Social Security Act in 1965 ("1965 Amendment"). 42 U.S.C. § 406, *amended by* Pub. L. No. 89-97, 79 Stat. 286, 403 (1965). According to the hearings before the Senate Committee on Finance, Congress enacted § 406(b), in part, to prevent the attorneys from "charg[ing] what appeared to be inordinately large fees for representing claimants in [*f*]*ederal district actions* arising under the social security program." *Dawson*, 425 F.2d at 1194 (citing *Hearings on H.R. 6675: Hearing Before the Senate Comm. on Fin.*, 89th Cong. 512-13 (1965)).

Construing § 406(b) to limit the fee awards only under § 406(b) is consistent with the legislative purpose of the 1965 Amendment. *Id.* The Tenth Circuit acknowledged that it is "mathematically possible" for an attorney to receive more than twenty-five percent of the claimant's past-due benefits if such attorney may recover twenty-five percent at both the agency and court levels. *Wrenn*, 525 F.3d at 938. But the court concluded that such occurrence "is unlikely if superintendence of fees is conscientiously done as Congress intended[] [because] [e]ach tribunal is charged with ensuring the attorney fee is reasonable." *Id.*

But in the "unlikely" event that an attorney recovers a fee exceeding twenty-five percent of plaintiff's past-due benefits, *id.*, the limitation on fee awards under § 406(a) helps ensure that such attorney's fee would not be "inordinately large." 42 U.S.C. § 406(a); *Dawson*, 425 F.2d at 1194 (citing *Hearings on H.R. 6675: Hearing Before the Senate Comm. on Fin.*, 89th Cong. 512-13). Section 406(a) provides that the Commissioner may fix "a reasonable fee to compensate [an] attorney for the services performed by him in connection with [a] claim" if, in addition to satisfying other criteria, "the fee specified in the agreement [between an attorney and the claimant] does not exceed the lesser of [twenty-five] percent of the total amount of past-due benefits . . . or [$5,300.00]."[4] 42 U.S.C. § 406(a). Therefore, § 406(a) imposes a $5,300.00 limit on an attorney's fee for work on the administrative level in a case where twenty-five percent of the social security claimant's past-due benefits exceed $5,300.00. *See* 42 U.S.C. § 406(a). Because § 406(b) allows an attorney's fee of twenty-five percent of past-due benefits, such award would not be "inordinately large" even when it is combined with the maximum $5,300 fee award.

---

[4] Effective February 1, 2002, the SSA increased the maximum dollar limit for fee agreements approved under § 406(a) from $4,000.00 to $5,300.00. 67 Fed. Reg. 2477 (2002). On June 22, 2009, a further increase of the maximum dollar limit for fee agreements approved under § 406(a) from $5,300.00 to $6,000.00 will become effective. 74 Fed. Reg. 6080 (2009).

*Id.* Similarly, although an attorney may receive up to fifty percent of past-due benefits for the work on the administrative and judicial levels in a case where twenty-five percent of past-due benefits are less than $5,300.00, such award would not be an "inordinately large fee[]" that Congress sought to prevent by enacting § 406(b). *Id.*

Based on the above reasoning and absent an explanation of how the legislative history of the 1965 Amendment "fully convinced" the Fifth Circuit that § 406(b) applies to the aggregate allowance of attorney fees under § 406(a) and (b), *Dawson*, 425 F.2d at 1195, the Court concludes that construing § 406(b) to limit the fee awards only under § 406(b) is consistent with the legislative purpose of the 1965 Amendment.

Before putting this matter to bed, this Court examines another piece of § 406(b)'s legislative history—an amendment that Congress made to the Social Security Act in 1968 (the "1968 Amendment")—and finds it consistent with the plain language of the statute. 42 U.S.C. § 406(b), *amended by* Pub. L. No. 90-248, 81 Stat. 821, 877 (1968). The 1968 Amendment provided that, "[w]henever the Secretary . . . makes a determination favorable to the claimant, he . . . shall . . . *fix* . . . *a reasonable fee* to compensate [an] attorney for the services performed . . . in connection with such claim . . . [and] *certify for payment* . . . to such attorney *the smaller* [of]: (A) [*twenty-five*] *per centum of the total amount of such past-due benefits*, (B) the amount of the attorney's fee so fixed, or (C) the [fee] agreed upon between the claimant and [an] attorney." 81 Stat. at 877 (emphasis added). The Fourth Circuit interpreted this provision as limiting attorney fees under § 406(a) to twenty-five percent of past-due benefits. *Morris*, 689 F.2d at 497-8. Based on this interpretation § 406(a), but without an explanation of its reasoning, the court concluded that "[t]he obvious intent of Congress was to establish a ceiling for

attorney[s'] fees that was independent of the course of the proceedings" and, therefore, to limit attorney fees under § 406(b) to twenty-five percent of past-due benefits. *Id.*

But the Ninth Circuit disagreed with this interpretation. *Clark*, 529 F.3d at 1217-18. According to the Ninth Circuit, the 1968 Amendment required the Secretary to make "two [independent] calculations" regarding attorney fees. *Clark*, 529 F.3d at 1218. First, "the Secretary . . . ma[de] a determination of a 'reasonable' fee to compensate the attorney[; then,] [*i*]*n addition to this*, the Secretary [was] required to withhold up to [twenty-five percent] of . . . past-due benefits and pay that amount *directly* to the attorney." *Id.* (emphasis added). Thus, although the provision "allowed some or all of [the] attorney[s'] fees to be paid *directly* . . . [by the Secretary] from the claimants' past-due benefits," Congress limited the amount of these *direct* fee payments to twenty-five percent of past-due benefits. *Id.* (emphasis added). But aside from this limitation—and contrary to the suggestion of the Fourth Circuit—"Congress chose not to impose a categorical ceiling on the Administration's authority to award attorney[s'] fees for representation before the Administration." *Clark*, 529 F.3d at 1218. Accordingly, as the Ninth Circuit reasoned, "if a fee award under § 406(a) can . . . [exceed] [twenty-five percent] of past-due benefits, . . . the combined amount of fees awarded under both § 406(a) and § 406(b) [had to] be capable of exceeding [twenty-five percent] of past-due benefits." *Id.*

Construing § 406(b) to limit the attorney fee awards only under § 406(b) is therefore consistent with the legislative purpose of the 1968 Amendment. "In the absence of a conflict between reasonably plain meaning" of § 406(b), the 1965 Amendment, and the 1968 Amendment, "the words of the statute" indicating that § 406(b) limits the awards of attorney fees

only under § 406(b) for representation before the Court, not the combination of fees under § 406(a) and § 406(b), prevail. *Aaron*, 446 U.S. at 700.

### 3. Administrative Interpretation of § 406(b)

While both the text's plain meaning and legislative history support this Court's interpretation of § 406(b), the Court notes that "a court must give effect to an agency's regulation containing a reasonable interpretation of an ambiguous statute." *Christensen v. Harris County*, 529 U.S. 529, 586-87 (2000) (citing *Chevron U.S.A. Inc.*, 467 U.S. at 844). Although an agency manual has "no binding legal effect" and therefore does not warrant *Chevron*-style deference, it "is 'entitled to respect' . . . to the extent that it has 'power to persuade.'" *Clark*, 529 F.3d at 1216 (quoting *Christensen*, 529 U.S. at 587; *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

Even though the language of § 406(b) is unambiguous, the "reasonable construction by the agency charged with [the] implementation [of the statute]," the SSA, further persuades the Court that § 406(b) applies to attorney fee awards only under § 406(b). *Barnhart*, 540 U.S. at 26 (citing *Chevron*, 467 U.S. at 844). The Commissioner of Social Security's Hearings, Appeals and Litigation Law Manual ("HALLEX") provides, in relevant part, that the "fee [that the Court awards under § 406(b)] is in addition to the fee, if any, the Social Security Administration (SSA) authorizes for proceedings at the administrative level.'" (Pet'r's Reply at 2 (citing *Clark*, 529 F.3d at 1216 (quoting Soc. Sec. Admin., Office of Disability Adjudication & Review, Hearings, HALLEX § I-1-2-71)).)

In light of the plain language, the legislative intent, and the administrative interpretation of § 406(b), the Court concludes that § 406(b) limits the awards of attorney fees only under § 406(b) for representation before the Court, not the combination of fees under § 406(a) and

§ 406(b). Applying such interpretation of § 406(b) to this case, the Court finds that the fee that Petitioner requested under § 406(b) in the amount of $12,377.50, which constitutes exactly twenty-five percent of Plaintiff's past-due benefits, is not in excess of twenty-five percent of past-due benefits.

### III. Conclusion

For the foregoing reasons, the Court grants Petitioner's motion for a fee award pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), in the amount of $12,377.50. Petitioner must refund to Plaintiff the award of a fee pursuant to the EAJA in the amount of $7,827.75.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: March 20, 2009